27802. McGEE v. CRAIG et al.

ARGUED APRIL 10, 1973 — DECIDED MAY 10, 1973.

*G. Gibson Dean, II, Joseph E. Cheeley, Jr.,* for appellant.
*Howard Fowler, R. F. Duncan,* for appellees.

MOBLEY, Chief Justice. Mrs. Candler Craig, Mrs. Eugenia Craig McGee, Mrs. Esther Craig, and J. K. Mitchell, as executor of Mrs. Pearl M. Craig, as cotenants, brought a proceeding in rem under Code Ann. § 37-1411 et seq. (Ga. L. 1966, pp. 443-447) to quiet title to a described tract of 170.97 acres of land in Gwinnett County. Cecil W. McGee was named as the only person known who claims an interest in the land adverse to the plaintiffs.

The matter was submitted to a special master, as provided by Code Ann. § 37-1413. Cecil W. McGee filed an answer contending that he owned an interest in the property. He demanded trial by jury, as authorized by Code Ann. § 37-1416. The jury found in favor of the plaintiffs and this verdict was made the judgment of the court. The special master made his report, and a decree of title was entered by the superior court judge for the plaintiffs as to the interest of each in the 170.97 acres of land.

Cecil W. McGee filed a motion for judgment notwithstanding the verdict, or, in the alternative, a

motion for new trial, asserting that the evidence was not sufficient to authorize the verdict of the jury and the judgment thereon. The motion for new trial was amended. Both motions were denied, and the appeal is from this judgment.

1. The appellees have filed a motion to dismiss the appeal contending that "when the appellant failed to apply for a supersedeas or stay of said proceedings and permitted a final judgment to be entered in rem in said case this final decree became the law of the case and there having been no appeal therefrom it remains the law of the case and the contentions of the said defendant, Cecil W. McGee, are now moot and should not be considered by this court."

The filing of the motion for judgment notwithstanding the verdict, or motion for new trial, acted as a supersedeas. Code Ann. § 81A-162 (b) (Ga. L. 1966, pp. 609, 664; Ga. L. 1967, pp. 226, 239, 240; Ga. L. 1970, pp. 550, 551; Ga. L. 1972, pp. 689, 697).

Our Rule 14 (e) provides: "The enumeration of errors shall be deemed to include and present for review all judgments necessary for a determination of the errors specified." This court will deem that the enumeration of errors included an enumeration of error on the judgment of the court decreeing title in the appellees, so that the law of the case is not fixed by that judgment, and this court may determine the questions made.

There is no merit in the motion to dismiss.

2. All of the parties claim their interest in the land described in the complaint under the will of James K. Craig. Item 4 of his will gave a life estate in described land to three of his daughters, if they remained unmarried, with the provision that in the event none of them should marry, at the death of the last, the property would revert to his estate. None of these daughters married, and it is this property, which reverted to the estate after the death of the last life tenant in 1970, that is involved in the

present proceeding.

Item 6 of the will bequeathed $1,800 to the testator's daughter Annie McGee. This sum was to be paid to named trustees, who were authorized to invest the money in a home for her, this property to revert to the testator's estate if she was not survived by bodily issue.

The trustees of Annie McGee purchased a tract of land in Hancock County for her home. Annie McGee died in 1919, without issue, leaving her husband, S. N. McGee, as her sole heir at law. After the death of Annie McGee, S. N. McGee remarried. At his death intestate he left his widow, Mrs. Cora McGee, and six children (one of whom is the appellant, Cecil W. McGee) as his heirs at law.

It was alleged in the complaint that "on or about April 19, 1957, the said S. N. McGee entered into a parol agreement with the then heirs of the James K. Craig estate whereby he agreed to waive and renounce and convey all rights, titles and interest that he had, vested or contingent, in the estate of James K. Craig upon the conveyance to him by the heirs of the James K. Craig the fee simple title the lands held by said trustees in Hancock County, Georgia. And in compliance therewith the heirs of the said James K. Craig estate have all conveyed their interest to the said S. N. McGee, but as far as complainant can determine no deed was ever taken and recorded from S. N. McGee to the heirs of James K. Craig, conveying any rights or titles he had to said property."

The jury determined that this contract was made as alleged and that the appellant, Cecil W. McGee, had no interest in the land in Gwinnett County.

The quitclaim deed to S. N. McGee was dated April 19, 1957, and was signed by Mrs. Ernest Craig, Ed Craig, Daisy Craig, Helen Craig, and Candler Craig, individually and as trustee for Annie McGee. The deed recited a consideration of $5, and conveyed about 72 acres of land in Hancock County, the same tract conveyed to the trustees of Annie McGee. The deed recited that: "The

parties hereto are all the heirs at law of James K. Craig, deceased, except Mrs. Esther Craig the widow of Jim Craig, deceased."

The deed was transmitted to S. N. McGee accompanied by a letter dated April 22, 1957, shown by the evidence to have been written by Mrs. Candler Craig at her husband's dictation. This letter was purported to be signed by "Candler Craig, sisters, brother and sister-in-law." With reference to the deed, the letter stated: "We are sending you the deeds and other papers relative to that piece of land. We have all signed except Jim's widow (Esther). We talked to her about it but she would not sign it. We have planned for years to do this but kept putting it off until now. . ."

Eugenia Craig McGee, the granddaughter of James K. Craig, testified that she had a conversation with S. N. McGee on June 30, 1957, the day of the funeral of her father, Candler Craig. She was 17 years old at that time. She stated the following concerning this conversation. "S. N. McGee told me — we was seated, I was sitting next to him, and he was very jubilant, very happy about this deed that he had received from my father and my aunts and uncles, and he was — he made the statement by virtue of this deed this transaction I no longer — I nor my family, my children, have any more interest in this land up here, meaning Gwinnett County, than you do to my land where I am living in Hancock County. I have the piece of land that I am living on, you have this. You will be happier here, happier here with your friends, your family, and my children will be happier down there, and he distinguished between the two as up here and down there. Being up here, Gwinnett County; down there, Hancock County."

Mrs. Candler Craig testified concerning the conversation with S. N. McGee on June 30, 1957, following the funeral of her husband, as follows: "Well, first of all he was telling us how glad he was to get that land instead of having an interest up here, he had all his

interest there in Hancock County and he went on to say that Eugenia, knowing this section and everything, living here all her life, would be happier here than she would if she were to have to go back — go down to Hancock County or something or other, but the gist of it was that he said that Eugenia would be happier here, and he and his folks would be happier there, because they had always known that . . . He said I no longer have any interest — I don't have any interest in this up here, I didn't mean that at first, I don't have any interest in this land up here, but I do have a great deal of interest in the Hancock County land."

"It is well settled that agreements among the heirs at law to distribute or divide property devised under a will, in lieu of that manner provided by the will, are valid and enforceable." *West v. Downer,* 218 Ga. 235, 241 (127 SE2d 359); *Hancock v. Hancock,* 223 Ga. 481, 486 (156 SE2d 354). Oral agreements among the heirs to settle an estate in realty are taken out of the statute of frauds by performance. *Wilson v. Whitmire,* 212 Ga. 287, 289 (92 SE2d 20).

Under the contention of the appellees, the alleged agreement was fully performed by the Craig heirs by the execution of the quitclaim deed to S. N. McGee in 1957. This deed does not state that it was made under an agreement, and no written agreement was produced by the appellees. The agreement must therefore be assumed to have been oral, and the appellees were under a duty to prove the contract beyond a reasonable doubt. *Lance v. Crane,* 214 Ga. 284, 285 (104 SE2d 439).

There is no dispute between the parties that the reversionary estate in the Gwinnett County property of the testator, and the Hancock County property purchased with trust funds bequeathed for life to Annie McGee, reverted to the heirs which James K. Craig had at the time of his death. These heirs had a vested reversionary interest, no remainder interest having been

created, and they could contract as to their respective interests in the estate. When Annie McGee died intestate in 1919, her husband, S. N. McGee, inherited her interest in the Gwinnett County and Hancock County properties.

The testimony of Eugenia Craig McGee and Mrs. Candler Craig in regard to the statements of S. N. McGee, now deceased, against his interest, authorized the jury to find that a contract had been entered into between him and the Craig heirs, that he had received a deed to the Hancock County property and had renounced his reversionary interest in the Gwinnett County property. The exact date of the oral agreement was not material in this case. There can be no doubt as to the two tracts of land involved in the agreement. The only property in which the heirs of James K. Craig had a reversionary estate was the Hancock County property conveyed to S. N. McGee and the Gwinnett County property devised under Item 4 of the will.

The evidence authorized the verdict of the jury and it was not error to deny the appellant's motion for judgment notwithstanding the verdict, or his motion for new trial.

The alleged errors in the charge of the court, and in the admission and rejection of evidence, have been examined, and they are without merit.

*Judgment affirmed. All the Justices concur.*