32323. GLENN et al. v. ALLEN et al.

NICHOLS, Chief Justice.

The appellees instituted an action in quia timet on January 19, 1976, alleging that a deed to secure debt executed by them on August 2, 1973, to appellants was no longer effective, was a cloud on their title and should be canceled. Appellants appeal from the trial court's decree adopting as its order, pursuant to Ga. L. 1966, pp. 443, 446 (Code Ann. § 37-1417) the report of the special master which found that a deed to secure debt given to appellants by the appellees had by its terms expired, that the deed constituted a cloud upon the title of the appellees' real estate and that this cloud should be removed by canceling the deed to secure debt of record.

As security for the appellants' posting a $30,000 appeal bond for a John Maxwell Harold, Jr., the appellees agreed to execute in favor of appellants a deed to secure debt in the same amount. The deed recited that it was executed as security for any loss appellants might suffer if Harold failed to appear if his conviction for armed robbery was affirmed. More specifically, it provided that ". . . the property conveyed herein shall stand as security for any loss which might be suffered by the grantees on said bond by reason of the nonappearance of the said John Harold up to the amount of $30,000, provided that such claim shall have been determined by July 31, 1974." On June 17, 1974, the opinion in the North Carolina Court of Appeals affirming Harold's conviction was filed with the Clerk of Franklin County Superior Court. Harold should then have appeared at the next term of the court which convened August 26, 1974. He did not, and a judgment of $30,000 on this bond was entered against the appellants on February 5, 1975. The appellants made claim against the appellees for $30,000 in December, 1975. No one has paid the $30,000 judgment.

The special master found that the contract between the parties as evidenced by the deed to secure debt limited the liability of the appellees to claims determined as of July 31, 1974. The claim of the appellants against the appellees was asserted in December, 1975.

1. The appellant enumerates as error the failure of

the trial court to reject the report of the special master because the special master failed to make any conclusion of law based on the laws of North Carolina under the stipulations. The appellant asserts that the parties stipulated that North Carolina law should control with respect to all rights of the parties concerning the deed to secure debt. The same Code section which allows for submission of proceedings to quiet title to real estate to a special master also allows the appellant to request a jury trial. The appellant elected not to do so. Since there is no transcript of the evidence considered by a special master, his findings of fact cannot be reviewed. *Higdon v. Gates,* 238 Ga. 105 (231 SE2d 345) (1976).

2. The appellant enumerates as error the trial court's adoption of the special master's report because the findings of fact and conclusions of law of the special master were insufficient to support the decree of the trial court under Georgia law. In support of this enumeration of error, the appellant contends that the special master failed to make findings of fact and conclusions of law. This contention finds no support in the record. The special master meticulously set out the facts, stipulations of the parties, contentions of the parties and his own findings. Moreover, the appellant's argument that the holding of *Heath v. Stinson,* 238 Ga. 364 (233 SE2d 178) (1977), supports his argument regarding the duty of a special master to make findings of fact and conclusions of law is completely unfounded. While Georgia law may impose upon a special master such a duty, that was not the holding of *Heath v. Stinson.*

Aside from the fact that appellant's enumeration of error is totally devoid of any merit, he abandoned his claim of error when he failed to cite any authority. The appellant's one-sentence argument that the special master failed to set forth findings of fact and conclusions of law was based on a one-sentence discussion of the holding in *Heath v. Stinson.* In other words, appellant's sole support of his enumeration of error was that the case sub judice conflicted with the holding in *Heath v. Stinson.* However, the sole citation given by the appellant for the *Heath* case was that it was a recent case in the Georgia Reports. Mere citation of a case name without volume and

page number is not sufficient citation under the rules of this court. See Supreme Court Rules 15 (c) and 18 (c) (2).

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 20, 1977 — DECIDED SEPTEMBER 12, 1977.

*Richard E. Thomasson,* for appellants.

*Alexander J. Repasky, John McGuigan, George R. Barrett,* for appellees.