### 33229. FOSKEY v. DOCKERY et al.

UNDERCOFLER, Presiding Justice.
This is a quiet title suit, brought by the administrator of the estate of William Harrison Foskey, Sr. It concerns 36 acres of land bought in 1968 by J. Laddie Boatright who gave a deed to secure debt to the Federal Land Bank of Columbia. Boatright then sold the property to William Harrison Foskey, Jr., the appellant, and J. C. Roderick subject to the prior lien. Foskey Jr. and Roderick gave security deeds to Foskey Sr. and Boatright, stipulating that the former's lien was superior to the latter's. A deed to secure debt was later given by Foskey Jr. and Roderick to Furman Greer and Roderick granted an additional security deed in his one-half interest to Curtis Farrar and others.
In August, 1973, Foskey Sr. attempted to foreclose under the power of sale in his deed to secure debt. Roderick sued to enjoin the sale, but a settlement was reached among both Foskeys, Boatright and James Stone, who was the highest bidder at the foreclosure sale, which was made the decree of the trial court in October, 1973. Foskey Sr. later made another agreement with Boatright to dispose of the property. Neither these agreements nor the foreclosure sale was ever consummated. Foskey Jr. took possession of the property and made valuable improvements to it. Thereafter Foskey Sr. became ill and died. His administrator brought this suit to quiet title.

The trial court adopted the findings of the special master, and decreed title to be in Foskey Jr. and J. C. Roderick subject to the liens to the Federal Land Bank of Columbia, Foskey Sr., Boatright, Greer and the Curtis Farrar group in that order of priority. The unconsummated foreclosure and settlement agreement were declared void and Foskey Jr.'s counterclaim of parol gift of the land from his father was dismissed for failure to present a claim. The trial court ordered a new foreclosure sale. Foskey Jr. appeals. We affirm..

1. In his first and sixth enumerations of error, Foskey Jr. asserts that his demand for a jury trial was timely and, therefore, the special master had no authority to decide the fact issue raised by his counterclaim. We agree that the demand for a jury trial, made before the case was heard by the special master, was timely. *Thornton v. Reb Properties, Inc.,* 237 Ga. 59 (226 SE2d 741) (1976). However, the question remains whether a fact issue was presented by the counterclaim. The special master found as a matter of law that there was no evidence to support his claim, and the trial court accordingly dismissed his counterclaim. We held in *Heath v. Stinson,* 238 Ga. 364 (233 SE2d 178) (1977), that the special master may make such a recommendation to the trial court.

In his counterclaim, Foskey Jr. alleges that his father had given him the property by parol gift. " 'To constitute a valid parol gift of land, it is necessary not only that the donee should take possession under the gift, but that he should make valuable improvements thereon upon the faith of the donor's promise, or declared intention, to make the gift.' *Hodgson v. Hodgson,* 28 Ga. App. 250 (1) (110 SE 754) (1921); *Sharpton v. Givens,* 209 Ga. 868 (76 SE2d 806) (1953)." *Barfield v. Hilton,* 238 Ga. 150, 151 (231 SE2d 758) (1977). Foskey Jr. did not remember when the gift was made, whether anyone else was present, or whether anyone else knew of the gift to him. He offered as evidence only that "all I know is he give me the place, give me a key and I moved in. He said he would work it out and he'd handle it." Nothing was ever worked out or handled. It is uncontested that Foskey Sr. never paid the foreclosure price, and never received title

to the property. See *Smith v. Oliver,* 219 Ga. 720 (135 SE2d 862) (1964). He therefore had nothing to give to Foskey Jr., parol or otherwise. Cf. *Dailey v. Springfield,* 144 Ga. 395 (87 SE 479) (1915); Pindar, Georgia Real Estate Law, p. 613, § 19-20. The trial court did not err in holding as a matter of law that Foskey Jr. did not receive the property from his father by parol gift.

2. Enumerations of error 2-5, 7, 8 and 10 contest various rulings as to the foreclosure and other agreements made in the course of this unconsummated transaction. We do not see, and we have not been shown, how Foskey Jr. has been harmed by the trial court's rulings. Foskey Jr.'s half interest has been reinstated subject to the outstanding liens and a new foreclosure ordered. Absent a showing of harm, we will not reverse the judgment of the trial court.

3. We do not here consider Foskey Jr.'s ninth enumeration of error, since it was raised for the first time on appeal.

*Judgment affirmed. All the Justices concur.*

Submitted January 27, 1978 — Decided March 8, 1978.

*Fred L. Belcher, Elsie H. Griner,* for appellant.
*Farrar, Farrar & Evans, William V. Evans, Williams & Starling, Lee Williams,* for appellees.