## 35847. FULLER et al. v. SMITH.

JORDAN, Presiding Justice.

C. P. Fuller et al., plaintiffs below, filed a suit for ejectment in the Telfair Superior Court against Herman Smith alleging that the latter was in wrongful possession of property to which the former held both prescriptive and

record title. During the trial, the trial court directed a verdict against the plaintiffs on the issue of prescriptive title, holding that the plaintiffs had not presented sufficient evidence of continuous possession for seven (and therefore, necessarily, 20) years. See Code Ann. §§ 85-402, 85-406, 85-407. Following the trial, the jury declared record title to the disputed property to be in Herman Smith, and the trial court entered judgment denying the plaintiffs their prayed-for relief. When the trial court denied their motion for a judgment notwithstanding the verdict and new trial, the plaintiffs appealed. We affirm.

1. The plaintiffs complain that the trial court erred in directing a verdict against them on the issue of *continuous* possession for *seven* (and therefore, necessarily, twenty) years.

Code Ann. § 81A-150 provides: "If there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed."

The evidence in the present case, with all reasonable deductions therefrom, reveals that the plaintiffs had cut timber on the disputed property two times: once in the 1930's and once in the 1970's, and, that they had turpentined some of the trees on the property for a period of five years either in the 1940's or in the 1950's.

Clearly, none of the plaintiff's three entries onto the property endured the statutorily mandated seven years and we concur with the trial court's holding that as a matter of law the three activities, in combination, do not constitute a *continuous* possession. See *Patellis v. Tanner,* 199 Ga. 304, 312 (34 SE2d 84) (1945); *Walker v. Steffes,* 139 Ga. 520, 521 (9) (77 SE 580) (1912).

The plaintiffs' first enumeration of error is without merit.

2. The plaintiffs complain that the trial court erred in charging the jury that in connection with a counterclaim filed by the defendant, they were authorized to render a verdict on behalf of the defendant for punitive damages and attorney fees.

We note that in fact the jury did not award the

defendant either punitive damages or attorney fees.

"Absent a showing of harm, we will not reverse the judgment of the trial court." *Foskey v. Dockery,* 241 Ga. 26, 28 (243 SE2d 70) (1978).

The plaintiffs' second enumeration of error is without merit.

3. The plaintiffs complain that the trial court erred in commenting derogatorily in the presence of the jury on an item of evidence which the plaintiffs had tendered to the court.

"No objection was made [to the trial court's comments] on the trial of the case and such question may not be raised for the first time on appeal." *Johnson v. Ervin,* 236 Ga. 605, 606 (225 SE2d 21) (1976).

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 18, 1980 — DECIDED MAY 7, 1980.

*Mills & Chasteen, Ben B. Mills, Jr.,* for appellants.
*Billy W. Walker,* for appellee.