## 66097. DUKE v. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY.

BIRDSONG, Judge.

Motion to Dismiss Appeal for Untimely Filing of Notice of Appeal. Duke was injured in an accident with a MARTA bus. He retained attorney A to represent him in possible litigation. Duke dismissed this first attorney and retained a second attorney (B). Part of the retention agreement with A was that the attorney would receive 1/3 of any settlement. Attorney A had negotiated a settlement and apparently recommended that Duke accept slightly in excess of $3,000. Duke was unhappy and discharged attorney A but agreed to pay the 1/3 of the $3,000 settlement offer when ultimately the suit was completed. Duke's second attorney (B) worked several months on the case and expended many hours in preparation. Duke then dismissed the second firm (B) and that firm, in accordance with the retention agreement providing for an hourly fee, filed a lien for services rendered. Lastly Duke retained a third firm (C) which represented Duke through a $10,000 jury verdict against MARTA. That firm (C) by retention contract was entitled to 40% of the recovery.

MARTA had previously paid over $3,700 in medical and other expenses incurred by Duke. Therefore, MARTA was given credit for this sum in the judgment, leaving $6,239 as the cash payment in satisfaction of the judgment. On motion for distribution by the

attorneys involved, $1,053 was claimed by A, $1,206 by B, and the remainder, or $3,979 by C. These claims were approved by the trial court and wholly consumed the cash content of the $6,239 paid in satisfaction of the $10,000 verdict.

The trial court entered judgment on the verdict of $10,000 on October 20, 1982. The court entered the order of distribution on November 16, as amended on November 17, 1982. Appellant, pro se, filed a notice of appeal on December 8, 1982. While this notice was within 21 days of the order of distribution, the judgment from which the appeal is taken occurred 49 days prior to the filing of the notice of appeal. It is apparent that the order of distribution was incidental to and did not affect the validity of the $10,000 judgment. In his notice of appeal, Duke complains that it was the inadequacy of the verdict of the jury and not the distribution order of the trial court that deprived him (Duke) of any cash remuneration for his damages and injuries in addition to the $3,700 already paid by MARTA.

By statute a notice of appeal must be filed within 30 days after entry of judgment. OCGA § 5-6-38 (Code Ann. § 6-803). The appeal in this case, being filed 49 days after the entry of judgment (19 days beyond the 30-day limit), cannot invoke the jurisdiction of this court and therefore must be dismissed. *Jordan v. Caldwell,* 229 Ga. 343 (191 SE2d 530); *Patterson v. Professional Resources,* 140 Ga. App. 315, 316 (2) (231 SE2d 88). The motion filed by MARTA to dismiss the appeal accordingly is granted.

*Appeal dismissed. Shulman, C. J., and McMurray, P. J., concur.*

Decided May 16, 1983 —
Rehearing denied May 27, 1983 —

Ernest James Duke, *pro se.*
*Denise Caffrey, John R. Lowery, Laura M. Murphy,* for appellee.