## S93A1786. ADDISON v. REECE et al.
(436 SE2d 663)

CARLEY, Justice.

This case involves title to 5.8 acres of land located in Gilmer County. Appellant-plaintiff filed a three-count complaint, naming as the defendants in the action appellee Mrs. Lena Mae Reece "and all other persons known and unknown who claim or might claim" title to the property. In Count 1, appellant sought to quiet title to the property based upon allegations that she held title by deed. In her alternative Count 2, appellant sought a declaratory judgment to the effect that she held title to the property by adverse possession. In Count 3, appellant sought damages based upon allegations that Mrs. Reece had trespassed on the property.

Pursuant to OCGA § 23-3-63, the trial court appointed a special master to hear appellant's quiet title claim. Before the special master

could hear the claim, however, Mrs. Reece filed her demand for a jury trial. This "demand for a jury trial, made before the case was heard by the special master, was timely. [Cit.]" *Foskey v. Dockery*, 241 Ga. 26, 27 (1) (243 SE2d 70) (1978). Nevertheless, the special master conducted a hearing and submitted a report. The special master's report made the factual finding that the deeds relied upon by appellant and Mrs. Reece to establish their respective title to the property "do a less than accurate job of defining the property sought to be conveyed," but reached the legal conclusion that the deeds in appellant's chain gave her superior title.

The trial court initially adopted the special master's report. Upon determining that Mrs. Reece had filed a timely demand for a jury trial which had not been waived, however, the trial court vacated its initial order and ordered that a jury trial be held as to all issues, including the issue of whether appellant or Mrs. Reece held title by deed. The jury returned a verdict finding in favor of Mrs. Reece as to all issues. Appellant appeals from the judgment entered on the jury's verdict.

1. Appellant urges that the trial court erred in vacating its initial order adopting the special master's report and "in allowing the issue of title to the property to go to the jury in light of the special master's express finding that legal title is in [appellant]."

"If no demand [for a jury trial] is filed prior to the time he hears the case, the special master is the arbiter of law and fact and decides all issues in the case. . . . [Cit.]" *Thornton v. Reb Properties*, 237 Ga. 59 (226 SE2d 741) (1976). It is undisputed, however, that Mrs. Reece *did* file a timely demand for a jury trial pursuant to OCGA § 23-3-66, which provides that "any party to [the] proceeding may demand a trial by a jury of any question of fact. . . ." Accordingly, the trial court did not err in vacating its initial order adopting the special master's report and correctly ordered that a jury trial be held. See *McGee v. Craig*, 230 Ga. 553 (198 SE2d 165) (1973).

2. Appellant enumerates the general grounds.

As to appellant's quiet title claim, the decisive issue was whether appellant could trace unbroken title back to a 1900 deed taken by her great-grandfather or whether a 1918 deed given by her great-grandfather included the 5.8 acres so as to convey title thereto to those whom Mrs. Reece asserted were her predecessors in title. Although the legal description in the 1918 deed was somewhat confusing, Mrs. Reece introduced evidence to the effect that the only "logical" way in which it could be read was that the 5.8 acres were included therein. In addition, Mrs. Reece introduced evidence which cast doubt upon the validity of the more recent deeds in appellant's alleged chain of title. "The evidence authorized the verdict of the jury. . . ." *McGee v. Craig*, supra at 558 (2).

As to appellant's alternative declaratory judgment claim for prescriptive title, even if the evidence did not otherwise demand a finding in Mrs. Reece's favor (but see *Fuller v. Smith*, 245 Ga. 751, 752 (1) (267 SE2d 23) (1980)), it clearly did not demand a finding in appellant's favor. Accordingly, there is no merit in appellant's enumeration of the general grounds as to her alternative prescriptive title claim.

3. The trial court's charge included the following: "Permissive possession cannot be the foundation of a prescription, until it becomes an adverse claim and actual notice to the other party is given." This charge tracks the language of OCGA § 44-5-161 (b) and appellant concedes that it is, therefore, a correct statement of the law. Appellant nevertheless urges that there was no evidence of any permissive possession and that the charge may have been confusing to the jury. The very purpose of the charge, however, was to prevent the jury from becoming confused as to the general principles of the law of adverse possession and to explain why it had heard no evidence of "permissive possession." No evidence of "permissive possession" had been adduced because such possession would be irrelevant and "cannot be the foundation of a prescription." Although negatively phrased, the charge merely informed the jury as to the general inapplicability of "permissive possession" in the law of adverse possession and it was not erroneously given.

4. Appellant enumerates as error the trial court's failure to give two charges. However, the record in this case, as originally filed, contains no copy of any written requests to charge which were timely filed by appellant with the trial court in compliance with OCGA § 5-5-24 (b). "On appeal[,] a party may not complain about the [trial] court's failure to charge where no written requests to charge were received prior to arguments to the jury. [Cits.]" *Ledbetter Bros. v. Holmes*, 122 Ga. App. 514, 515 (2) (177 SE2d 824) (1970). Subsequent to docketing, appellant did file a motion in this Court seeking to supplement the record. However, her motion was denied and she was directed to seek a supplementation of the record by proceeding in the trial court pursuant to OCGA § 5-6-41 (f). No supplemental record containing appellant's timely filed written requests to charge has yet been filed. Accordingly, this enumeration presents nothing for review.

[T]he burden is on the complaining party to have the record completed in the trial court under the provisions of [OCGA] § [5-6-41] (f). [Cits.] When this is not done, there is nothing for the appellate court to review. [Cits.]

*Zachary v. State*, 245 Ga. 2, 4 (262 SE2d 779) (1980).

5. Appellant urges that Mrs. Reece did not timely comply with

the trial court's order regarding the submission of proposed pre-trial orders. Under Uniform Superior Court Rule 7.1, however, the trial court has broad discretion in addressing the issue of an untimely submitted proposed pre-trial order. There is nothing to indicate that the trial court abused that discretion in the instant case.

6. The trial court did not abuse its discretion in allowing Mrs. Reece to call a witness who had testified before the special master, but who had not been specifically named in Mrs. Reece's proposed pre-trial order. See *Nease v. Buelvas*, 198 Ga. App. 302 (401 SE2d 320) (1991).

7. Appellant enumerates as error the admission of certain items of documentary evidence, including the 1918 conveyance upon which Mrs. Reece predicated her claim of title by deed. Although appellant urges on appeal that this documentary evidence is irrelevant, it appears that the evidence was relevant and properly admitted for the jury's consideration in determining the issue of whose chain of title was superior.

*Judgment affirmed. All the Justices concur.*

DECIDED DECEMBER 3, 1993.

*John T. Longino,* for appellant.
*Ralston & Panter, David E. Ralston,* for appellees.