S95A0409. DAVIS et al. v. MERRITT.
(454 SE2d 515)

CARLEY, Justice.

Pursuant to OCGA § 23-3-62, plaintiff filed a petition to quiet title to several tracts of real property, alleging that he held prescriptive title which was superior to defendants' record title. Defendants filed an answer wherein they demanded a jury trial as to any questions of fact. Thereafter, the special master held a hearing and, upon concluding that no questions of fact existed, determined that plaintiff held superior prescriptive title to some, but not all, of the tracts. The trial court adopted the special master's report and decreed title to be in plaintiff. Defendants appeal from that decree.

1. Appellants urge that it was error to fail to submit plaintiff's claim of superior prescriptive title to a jury. Defendants filed a timely demand for jury trial. Thornton v. Reb Properties, 237 Ga. 59 (226 SE2d 741) (1976). "However, the question remains whether a fact issue was presented. . . ." Foskey v. Dockery, 241 Ga. 26, 27 (1) (243 SE2d 70) (1978). If there were no genuine issues of material fact to be resolved, it was not error for the special master to apply the law to the facts of the case. Heath v. Stinson, 238 Ga. 364, 365-366 (233 SE2d 178) (1977).

The special master found that there was no evidence to dispute plaintiff's claim of superior prescriptive title and recommended to the trial court that title, therefore, be decreed to be held by him. "[T]he special master may make such a recommendation to the trial court." Foskey v. Dockery, supra at 27 (1). There is no real contention that the evidence was in dispute. To the contrary, as discussed in Division 2, defendants' contention is that the undisputed evidence showed that their record title is superior and that the special master's recommendation was, therefore, an erroneous conclusion of law. Where, as here, the evidence is not in dispute, the question of which party has superior title is not to be submitted to a jury. See generally Blalock v. Thomas, 176 Ga. 407 (168 SE 13) (1933). It follows that, notwithstanding defendants' timely demand for a jury trial, there was no error in failing to submit plaintiff's claim of superior prescriptive title to a jury.

2. The special master found it to be undisputed that permission to use a portion of defendants' property previously had been sought and given. Relying upon this finding, defendants urge that the legal conclusion that plaintiff had superior title was erroneous.

"Permissive possession cannot be the foundation of a prescription until an adverse claim and actual notice to the other party." OCGA § 44-5-161 (b). However, a careful review of the special master's report shows that the finding with regard to the permissive use of defendants' property does not relate to any tract the title to which was decreed to be held by plaintiff. That finding relates only to the permissive use of property which indisputably belonged to defendants and which continues to belong to them. Plaintiff was decreed to hold title only to tracts wherein the undisputed evidence showed that his possession was adverse rather than permissive.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 13, 1995.

*Barkley & Garner, Larry J. Barkley,* for appellants.
*Robert N. Farrar,* for appellee.