### S00A0389. PAUL et al. v. KEENE et al.
(529 SE2d 135)

THOMPSON, Justice.

After the death of Robert H. Small, Sr., in 1957, the probate court awarded Small's widow, Irene Paul, and her three minor children, Sandra Small Keene, Robert H. Small, Jr., and George Small, a year's support, which included title to a 186-acre tract of land in Jones County, Georgia. More than 40 years later, Sandra Small Keene and George Small filed this quia timet action naming Irene Paul, Robert H. Small, Jr., and all the world as defendants. They alleged that the parties orally agreed to partition the land into four separate, equal parcels, and that they each entered into exclusive possession of his or her parcel. Defendants answered the complaint, denied its material allegations, and made a written demand for a jury trial.

The trial court appointed a special master who, following a hearing, determined that the material facts were not in dispute: that the parties did orally agree to a partition of the property into four sepa-

---

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[4] See *Dixon v. State*, 267 Ga. 136 (475 SE2d 633) (1996).

rate parcels, and that each party took control of his or her parcel. See generally *Yaughn v. Harper*, 151 Ga. 187 (106 SE 100) (1921) (tenants in common can divide property by oral agreement where each party enters into possession of his respective parcel); *Reed v. Mathewson*, 146 Ga. 819 (92 SE 632) (1917) (same). Based on those findings, the special master recommended that the land be partitioned. Three weeks later, the superior court adopted the findings and recommendation of the special master and entered judgment accordingly. Defendants appealed asserting, inter alia, that they were denied their right to a jury trial because the evidence was in dispute.

When the trial court appoints a special master to hear a quiet title claim, the special master is the arbiter of law and fact and decides all the issues in the case unless a party to the proceeding demands a jury trial pursuant to OCGA § 23-3-66. *Addison v. Reece*, 263 Ga. 631, 632 (1) (436 SE2d 663) (1993). When such a demand is timely made, the case must be submitted to a jury if a question of fact is presented by the evidence. Id.; *Davis v. Merritt*, 265 Ga. 160 (1) (454 SE2d 515) (1995).

Defendants made a demand for a jury trial before this case was heard by the special master; it was, therefore, timely. See *Foskey v. Dockery*, 241 Ga. 26, 27 (1) (243 SE2d 70) (1978). It follows that the question for decision is whether the evidence raised a genuine issue of material fact. "If there were no genuine issues of material fact to be resolved, it was not error for the special master to apply the law to the facts of the case. *Heath v. Stinson*, 238 Ga. 364, 365-366 (233 SE2d 178) (1977)." *Davis v. Merritt*, supra.

We find a genuine issue of material fact in this case. Although there was evidence that the parties met and agreed to partition the property, Irene Paul denied that any such meeting or agreement took place. She acknowledged that the parties had on occasion informally discussed how the property would ultimately be divided in the future. However, she firmly disputed the notion that an agreement to divide the property had been reached. And she denied that she had selected any portion of the property to be hers. In her view, the land was to be kept intact and divided by her children at her death. Moreover, Robert Small, Jr., averred that, although the parties discussed their dreams for the property in the future, they never entered into an agreement to divide it in the present. And he added that he never claimed to own or possess a particular tract. Thus, the superior court erred in failing to submit this case to a jury. *Addison v. Reece*, supra.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 1, 2000.

*Bush, Crowley, Leverett & Leggett, J. Wayne Crowley*, for appellants.

*Martin, Snow, Grant & Napier, William H. Larsen, Thomas P. Allen III, Westmoreland, Patterson & Moseley, Miguel A. Garcia, Jr.*, for appellees.