S03A0913. GURLEY v. EAST ATLANTA LAND COMPANY, INC.
et al.
(583 SE2d 866)

THOMPSON, Justice.

In June 2001 East Atlanta Land Company filed a petition to quiet title to property known as 430 Ashburton Avenue. East Atlanta purchased the property at a December 1999 tax sale pursuant to a writ of fieri facias. Gurley, one of several named defendants, counterclaimed, claiming that he was the true owner of the property by virtue of adverse possession.

The case was referred to a special master, and Gurley moved for a jury trial pursuant to OCGA § 23-3-66. Gurley's motion was denied, and the special master's proceeding continued. The special master made his report finding fee simple title to be in East Atlanta and requesting the court to assess a portion of the special master's fees against Gurley as a part of the costs. The superior court adopted the special master's findings, decreed fee simple title in East Atlanta, and fixed the special master's compensation, a portion of which the court taxed against Gurley as a part of the costs. Gurley appeals and asserts error in the denial of his motion for a jury trial. We affirm.

1. Conventional quia timet is employed to quiet title as against "any forged or other iniquitous deed or other writing which, though not enforced at the time, either casts a cloud over the complainant's title or otherwise subjects him to future liability or present annoyance, and the cancellation of which is necessary to his perfect protection." OCGA § 23-3-40. In contrast, quia timet as against all the

world is used to remove any cloud of title to land including "the equity of redemption by owners of land sold at tax sales, and for readily and conclusively establishing that certain named persons are the owners of all the interests in land . . . so that there shall be no occasion for land in this state to be unmarketable because of any uncertainty as to the owner of every interest therein." OCGA § 23-3-60.

OCGA § 23-3-43, which was enacted in 2000, provides that for actions in conventional quia timet "there shall be no right to a jury trial." While the legislature has, as in other equity cases, precluded the right to jury trial in conventional quia timet actions under OCGA § 23-3-40 et seq., it has taken no such action for suits in quia timet against all the world. See OCGA § 23-3-60 et seq. Thus, the right to jury trial for quia timet against all the world has been preserved. See OCGA § 23-3-66; *Paul v. Keene*, 272 Ga. 357 (529 SE2d 135) (2000); *Addison v. Reece*, 263 Ga. 631 (436 SE2d 663) (1993).

The special master found that this case, ostensibly filed under OCGA § 23-3-40, was a suit in conventional quia timet. Accordingly, the special master denied Gurley's motion for a jury trial, citing OCGA § 23-3-43. We find, however, that the substance of this case was quia timet against all the world, since East Atlanta Land sought to quiet title to land purchased at a tax sale, and establish that East Atlanta held superior title to all the world in the subject property. *State Hwy. Dept. v. Charles R. Shepherd, Inc.*, 119 Ga. App. 872 (168 SE2d 922) (1969). It follows that Gurley would have been entitled to a jury trial, OCGA § 23-3-66, if the evidence presented a question of fact. *Davis v. Merritt*, 265 Ga. 160 (454 SE2d 515) (1995); *Addison v. Reece*, supra; *Heath v. Stinson*, 238 Ga. 364 (233 SE2d 178) (1977).

2. Gurley's case does not present facts requiring the intervention of a jury. The evidence shows that Gurley owns and rents to various tenants property immediately adjacent to the property in question. Gurley's deed describes that property, known as 436 Ashburton, as having dimensions of 50 feet by 150 feet, with a 50 foot frontage on Ashburton Avenue. The deed refers to a subdivision plat that describes Gurley's lot and the subject property as two distinct lots. Gurley has never lived at 436 Ashburton, and his rental agreement purports only to lease 436 Ashburton: However, throughout the past 20 years some of Gurley's tenants have used the subject property intermittently as a side yard.[1] Gurley never paid taxes on the subject property and never made a redemption tender.

In order for possession to be the foundation of prescriptive title, it (1) must be in the right of the possessor and not of another; (2)

---

[1] Various tenants used the property to park vehicles, to plant vegetables, to tether pets, and occasionally to host social gatherings.

must not have originated in fraud except as provided in OCGA § 44-5-162; (3) must be public, continuous, exclusive, uninterrupted, and peaceable; and (4) must be accompanied by a claim of right. OCGA § 44-5-161 (a).

The sporadic use of the property by some of Gurley's tenants was insufficient to establish adverse possession. There is no showing of uninterrupted and continuous possession for the requisite 20 years. See *Martin v. Clark*, 190 Ga. 270, 274 (9 SE2d 54) (1940) (whether prescriptive title is claimed by virtue of twenty years adverse possession or by seven years under color of title, the possession relied upon must meet the requirements of OCGA § 44-5-161). Moreover, although the evidence shows that some tenants may have been authorized by the landlord (acting through an agent) to use the subject property, Gurley did not show which tenants acted under such authorization. The only tenant who testified averred that no one ever told him the subject property was his to use; and he added that Gurley said that there may be some dispute as to the ownership of the lot in question. Thus even if Gurley's tenants used the property continuously and exclusively, it cannot be said that Gurley presented facts showing adverse possession because he did not purport to lease the property in question to his tenants and he did not authorize his tenants to use the property. See *Olsen v. Noble*, 209 Ga. 899 (76 SE2d 775) (1953) (an independent adverse possession by a tenant of another's land, not covered by the terms of a lease or based on the landlord's authorization, does not inure to the landlord's benefit).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 10, 2003.

*James B. Gurley*, pro se.
*Perrie & Cole, C. Terry Blanton, Richard C. Freeman III*, for appellees.