S04A0967. JOHNSON v. RED HILL ASSOCIATES, INC. et al.
(602 SE2d 572)

BENHAM, Justice.

Red Hill Associates bought real property in Fulton County at a tax sale in November 2000. After a year had passed, Red Hill sent barment notices to begin the process of foreclosing the right to redeem. More than a year later, Red Hill filed in the Superior Court of Fulton County an equitable petition to quiet title pursuant to OCGA § 23-3-40 et seq., and had appellant George M. Johnson served. Johnson filed an answer and, on the day set for a hearing before a special master, filed an amended answer in which he demanded a jury trial. The special master conducted the hearing, which Johnson did not attend, and found there to be no questions of fact to be submitted to a jury. Based on Red Hill's evidence, the special master made findings in Red Hill's favor. Subsequent to the trial

court's entry of final judgment adopting the special master's report, Johnson filed objections to the report along with an affidavit in which he denied receiving service. The trial court treated the objections as a motion for reconsideration and denied it. Johnson filed a timely appeal from the trial court's entry of judgment.

1. Johnson first argues the judgment is not valid because the action was not brought in the county of his residence but in the county in which the property is located. The venue of this action was controlled by Art. VI, Sec. II, Par. III of the Georgia Constitution: "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." In the present case, the petition sought the same species of equitable relief, cancellation of instruments, liens, and other claims against the property that clouded the title, against several defendants resident in Fulton County. "If substantial relief is prayed against all defendants, the suit may be brought in the county of any one of the defendants. [Cits.]" *Hayes v. Hayes*, 214 Ga. 624, 626 (106 SE2d 790) (1959). Since substantial relief was sought against a number of defendants resident in Fulton County, venue for this action was proper there.

2. On the date set for the special master's hearing, counsel for Johnson filed a demand for jury trial. He enumerates as error the failure of the trial court to conduct a jury trial, citing as authority the provision in OCGA § 23-3-66 for jury trial in an action for quia timet against all the world. This action, however, was brought pursuant to OCGA § 23-3-40 et seq., the conventional quia timet statute. In OCGA § 23-3-43, the special master provisions of OCGA §§ 23-3-63 through 23-3-68 are adopted for conventional quia timet, but the right to a jury trial is specifically excluded. Therefore, if this action is properly a conventional quia timet action, Johnson had no right to a jury trial. Since Red Hill Associates was not seeking to establish superior title to all the world, but to remove clouds on the title in the form of specific instruments and liens, "the cancellation of which is necessary to [its] perfect protection" (OCGA § 23-3-40), the present action was properly prosecuted as a conventional quia timet action. Johnson had no right to a jury trial and the trial court's failure to provide one was not error.

This Court's decisions in *Gurley v. East Atlanta Land Co.*, 276 Ga. 749 (1) (583 SE2d 866) (2003), and *Paul v. Keene*, 272 Ga. 357 (529 SE2d 135) (2000), do not require a contrary conclusion. In *Gurley*, this Court held that the action in that case, though ostensibly a conventional quia timet action under OCGA § 23-3-40 et seq., was in substance an action for quia timet against all the world because the plaintiff there "sought to quiet title to land purchased at a tax sale, and establish that [it] held superior title to all the world in the subject property." The plaintiff in *Paul* named specific persons and "all the

world" as defendants in that action to quiet title. In contrast to the plaintiffs in *Gurley* and in *Paul*, Red Hill Associates did not seek quia timet against all the world, but sought cancellation of specific clouds on the title. Furthermore, although the property involved here was purchased at a tax sale by Red Hill Associates, that does not alone remove it from conventional quia timet actions since OCGA § 23-3-44, part of the conventional quia timet statute, specifically approves the use of quia timet proceedings "to remove clouds on title caused by equities of redemption following tax sales. . . ."

3. Johnson sought to raise on appeal other issues regarding Red Hill's conduct of the foreclosure of the right of redemption, all of which would have been matters of proof in the proceedings below. However, since no transcript was made of the proceeding before the special master in which the facts of the case were established, the special master's findings on which the trial court's judgment was based cannot be reviewed. *Glenn v. Allen*, 239 Ga. 646 (1) (238 SE2d 438) (1977).

4. Red Hill Associates' motion for imposition on Johnson of a penalty for a frivolous appeal is denied.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 13, 2004.

*Melville Johnson, Christopher D. Vaughn, Dawn M. Rivera*, for appellant.
*Leslie J. Kelley*, for appellees.