S09A0854. ROACH et al. v. ROACH.
(677 SE2d 118)

MELTON, Justice.

This case involves the passage of certain real property to the descendants of Joseph S. Roach, Sr., through intestacy. On the date of his intestate death, Joseph S. Roach, Sr., was survived by his wife and eight children, including his sons Joseph S. Roach, Jr., and John Ellison Roach. Joseph S. Roach, Jr., had six children, Joseph S. Roach III, Gwendolyn Roach Anderson, Sandra Roach Simms, Otha D. Roach, Patricia Roach Hulsey, and Deborah Roach McEver. John Ellison Roach had two children, Ronnie D. Roach and P. Wayne Roach.

At his death on February 28, 1942, Joseph S. Roach, Sr., owned all of Land Lot 174 in the 23rd District and 3rd Section of Floyd County. On May 7, 1968, John Ellison Roach, as administrator of his father's estate, issued an administrator's deed conveying a 76.57-acre tract of the property to Joseph S. Roach, Jr., who later died intestate himself on September 13, 1998. The property now in contention is an approximately 3.3-acre tract located within the 76.57 acres. Joseph S. Roach, Jr.'s estate was never administered, and John Ellison Roach also died intestate on September 26, 1988. In December 1993, Joseph S. Roach III drafted a quitclaim deed naming his deceased father, Joseph S. Roach, Jr., as the grantor. This deed purported to transfer a one-half undivided interest in the disputed property to P. Wayne Roach. Joseph S. Roach III signed his father's name to the deed, but he did not sign his own name. On November 29, 1994, the six children of Joseph S. Roach, Jr., recorded a quitclaim deed in which they, as the heirs at law of their father, deeded the property to themselves. Thereafter, P. Wayne Roach executed a quitclaim deed dated May 21, 2004 transferring all of his interest in the property to his brother, Ronnie D. Roach.

On August 23, 2004, Ronnie Roach filed a petition to quiet title with regard to the disputed property, and the matter was referred to a special master. After a hearing at which no transcript was taken, the special master determined that: (1) each of Joseph S. Roach, Jr.'s children had an equal interest in the disputed property through intestacy and the November 29, 1994 quitclaim deed; (2) in the December 1993 deed, Joseph S. Roach III transferred all of his one-sixth interest in the disputed property to P. Wayne Roach, despite the fact that the deed purported to be from the deceased Joseph S. Roach, Jr.; (3) P. Wayne Roach then deeded this one-sixth interest to Ronnie Roach; and (4) as a result, Ronnie Roach and all of the children of Joseph S. Roach, Jr., except Joseph S. Roach III held an equal one-sixth interest in the disputed property. The special master did not include any explanation for his rulings in his report. The trial court later adopted this finding of the special master.

The children of Joseph S. Roach, Jr., have appealed from this finding, contending, among other things, that the special master and the trial court erred by reforming the deed signed by Joseph S. Roach III in his deceased father's name rather than declaring it void outright. "However, since no transcript was made of the proceeding before the special master in which the facts of the case were established, the special master's findings on which the trial court's judgment was based cannot be reviewed." (Citation omitted.) *Johnson v. Red Hill Assoc.*, 278 Ga. 334, 336 (3) (602 SE2d 572) (2004). See also *Watkins v. Rutland*, 281 Ga. 535 (640 SE2d 289) (2007).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 4, 2009.

McRae, Stegall, Peek, Harman, Smith & Manning, Virginia B. Harmon, Wesley J. Knight, for appellants.
Jim M. Foss, for appellee.