## A09A1227. BARNABY v. SCOTT.
### (683 SE2d 333)

MIKELL, Judge.

This appeal concerns a skydiving business, Skydive Monroe, Inc., formerly owned by partners William R. Scott and Lisa Barnaby. Barnaby appeals from orders approving the special master's report and distributing the business's assets. Because Barnaby has failed to satisfy her burden of affirmatively showing error by the record, we affirm. The relevant facts follow.

After an apparent falling out in 2002, Barnaby, accompanied by two City of Monroe police officers, evicted Scott from the business premises. Scott filed a petition for emergency injunctive relief against Barnaby and the City, seeking, inter alia, to enjoin Barnaby from disposing of the assets of the business. Pursuant to the parties' temporary agreement, the trial court issued an order preventing Barnaby from removing funds from the business's bank accounts, except to pay bills; prohibiting both parties from disposing of any assets; and precluding Scott from entering the premises. The case was transferred from Walton County Superior Court to Gwinnett County, where Barnaby resided. The parties agreed to the appointment of a special master, who heard eight hours of testimony and issued a report on January 3, 2006. The report included accounting calculations and recommendations as to how the assets of the business should be divided. The trial court issued an order on August 17, 2006, which was filed on the following day. The order reflects that a hearing was held to review the special master's report; that the parties were permitted to introduce evidence at the hearing; and that no such evidence warranted modification of the report. Accordingly, the trial court adopted the special master's findings of fact and conclusions of law. The court also ordered the special master to take possession of the assets of the business, pay its debts, and auction its assets. The court ordered the parties to cooperate with the special master in liquidating the assets of the business. In conclusion, the trial court stated: "All issues having been resolved the Court hereby makes this the Final Order of this case." Neither party appealed this order.

One year later, on August 16, 2007, Barnaby filed a motion to postpone the auction and to request a new special master. The trial court denied the motion. Barnaby filed additional motions on December 10, 2007. The trial court issued an order nunc pro tunc to

December 10, 2007, reiterating that the court "has had a final hearing in this matter, . . . has previously given all parties a chance to express themselves on the findings of the Special Master, and the time has come and gone for any appeals." This order was not appealed.

On February 5, 2008, Barnaby filed a motion to compel Scott to pay for repairs to certain aircraft. On May 8, 2008, the trial court ordered the special master to pay certain sums and approved the special master's final accounting. Noting that there were no further assets to distribute, the court made the order its final order in the case. Barnaby filed a notice of appeal on May 28, 2008.

1. Scott has filed a motion to dismiss this appeal, contending that it is untimely under OCGA § 5-6-38 (a), which provides, in pertinent part, that a notice of appeal must be filed within 30 days after entry of the appealable decision or judgment.[1] Scott contends that the order entered on August 17, 2006, was the final order in the case from which Barnaby was required to appeal. In this regard, OCGA § 5-6-34 (a) (1) states, in relevant part, that a direct appeal may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." But "the mere designation of a judgment as 'final' is not controlling."[2] Thus, although the court stated in its order dated December 10, 2007, that the time for appeal had expired, the court's pronouncement was not controlling on the matter. In fact, we note that the court designated the order now on appeal as its "Final Order," as it directs the special master to pay certain bills and distribute certain funds. Barnaby has timely appealed from this order.[3] And, "when a direct appeal is taken, any other judgments, rulings or orders rendered in the case and which may affect the proceedings below may be raised on appeal and reviewed and determined by the appellate court."[4] As Barnaby has filed a timely notice of appeal from the final order, we have jurisdiction to consider her appeal of the court's prior orders in the case.

2. In her appellate brief, Barnaby challenges the findings of the special master, as adopted in the trial court's final order of August 17, 2006. Specifically, she contends that (a) "[t]he trial court erred by

---

[1] Barnaby, who is pro se, has not filed a response.

[2] (Citation and punctuation omitted.) *Rhymes v. East Atlanta Church of God*, 284 Ga. 145, 146 (663 SE2d 670) (2008) (although trial court's order adopting special master's report was denominated "Final Judgment and Order," it was not final for purpose of appeal because a separate claim remained pending below).

[3] Compare *Duke v. MARTA*, 166 Ga. App. 773, 774 (305 SE2d 404) (1983) (notice of appeal filed more than 30 days after judgment on jury's verdict held untimely, even though it was filed within 30 days of order distributing damages).

[4] *Southeast Ceramics v. Klem*, 246 Ga. 294, 295 (1) (271 SE2d 199) (1980).

not holding the special master responsible for abiding by the statutes of the [OCGA]"; (b) that the trial court failed to consider certain evidence when it approved the special master's report; and (c) that the trial court erred "when it allowed errors and misrepresentations of fact to remain uncorrected as part of the record for appellate review."

> It is a well-settled rule that it is the duty of a party complaining of error to show error, and put it clearly in view of the court, and that it is not . . . incumbent upon the reviewing court to make voyages of discovery after error, certainly not without being provided by [appellant] at least with a chart and compass.[5]

In the case at bar, Barnaby has provided neither chart nor compass. In all three of her enumerated errors, she argues that the findings of fact by the special master and the trial court were contrary to the evidence. A trial court's judgment adopting a special master's report will be affirmed if there is any evidence to support that judgment.[6] But Barnaby has not supplied a transcript of the evidence considered by the special master. Nor has she provided a transcript of the hearing held by the trial court prior to its approval of the special master's report. "[S]ince no transcript was made of the proceeding before the special master in which the facts of the case were established, the special master's findings on which the trial court's judgment was based cannot be reviewed."[7]

3. All pending motions filed by Barnaby are hereby denied.

*Judgment affirmed. Adams and Doyle, JJ., concur.*

## ON MOTION FOR RECONSIDERATION.

In her motion for reconsideration, Barnaby questions, inter alia, this Court's issuance of an opinion prior to our receipt of a supplemental record. Although this Court issued an order on April 16, 2009, directing the clerk of the trial court to transmit certain motions with attachments, the clerk did not transmit the supplemental record to this Court until July 23. Therefore, through inadvertence, we did not receive it prior to issuing our opinion. We have now reviewed the supplemental record, which contains Barnaby's motion to compel Scott to pay for certain business-related items,

---

[5] *Loyd v. Camp*, 172 Ga. 510, 514 (158 SE 40) (1931).

[6] See *Waters v. Ellzey*, 290 Ga. App. 693, 694-695 (1) (660 SE2d 392) (2008).

[7] (Citation and punctuation omitted.) *Watkins v. Rutland*, 281 Ga. 535 (640 SE2d 289) (2007); accord *Roach v. Roach*, 285 Ga. 389 (677 SE2d 118) (2009).

along with itemized bills related thereto, and conclude that it does not warrant a different outcome. Our decision was based on Barnaby's failure to provide transcripts of the hearings before the special master and the trial court, absent which she cannot sustain her burden of showing error by the record. Moreover, our review of the remaining assertions in her motion reveals no basis for reconsideration.[8] Accordingly, Barnaby's motion for reconsideration is hereby denied.

*Motion for reconsideration denied.*

DECIDED JULY 13, 2009 —
RECONSIDERATION DENIED AUGUST 14, 2009

Lisa Barnaby, *pro se.*
*Don M. Jones*, for appellee.

---

[8] Pursuant to Court of Appeals Rule 37 (e), this Court will grant reconsideration "only when it appears that the Court overlooked a material fact in the record, a statute or a decision which is controlling as authority and which would require a different judgment from that rendered, or has erroneously construed or misapplied a provision of law or a controlling authority."