30622. FENNELL et al. v. FOSKEY et al.

HILL, Justice.

Defendants Mrs. Doris Thigpen Fennell and Mrs. Barbara C. Thigpen appeal from a directed verdict for the plaintiffs, Leona Foskey et al., finding title to a five acre tract of land to be in the plaintiffs. The defendants' motion for a directed verdict was denied.

In 1937, the Phoenix Mutual Life Insurance Company owned a tract of land containing approximately forty-five acres (hereinafter referred to as the 45 acre tract). On June 22, 1937, the insurance company executed a deed conveying five acres of the 45 acre tract to the trustees of the Wilkes Consolidated School of Rockledge, Georgia. The deed contained the following provision: "In case the property herein described is abandoned as a school site, same shall revert to the property from which it is taken." The Laurens County Board of Education has since succeeded the school trustees by operation of law.

On March 12, 1943, the insurance company conveyed the tract to another. The deed described the 45 acre tract. The descriptive paragraph ended with the following language: "subject to the rights of the Trustees of the Wilkes Consolidated School, their successors or assigns, in and to a tract of five acres in the southeast corner hereof as set out and defined in a deed from Grantor to the Trustee of the Wilkes Consolidated School dated June 22, 1937, to which reference is here made."

The 45 acre tract changed hands several times until, on December 18, 1944, it was acquired by J. L. Thigpen from B. F. Griffin. Each of the deeds in the chain of title from Phoenix Mutual Insurance Company to J. L. Thigpen contained the same description of the 45 acre tract and each contained the identical "subject to the rights of the Trustees" provision. The defendants in this suit are the sole heirs at law of J. L. Thigpen, who died intestate.

On November 13, 1946, J. L. Thigpen conveyed the tract to Mr. and Mrs. W. A. Foskey. The description of the property begins: "All that tract or parcel of land . . . described as follows": and was the same as in the earlier deeds except that instead of the "subject to the rights of

the Trustees" clause, at the end of the description paragraph this deed stated: "This deed is not intended to convey five (5) acres in the southeast corner of the above described lands on which is located the Wilkes Consolidated School." However, the deed continued as follows: "Being the same tract of land described in deed from B. F. Griffin to J. L. Thigpen, dated December 18th, 1944. . ." The plaintiffs here are the sole beneficiaries under the will of W. A. Foskey.

In 1971 the plaintiffs filed suit against the defendants and against the Laurens County Board of Education alleging that the property had been abandoned as a school site in 1970 and asking that title to the 5 acres be decreed to be in the plaintiffs. A consent order was entered which stated that the Board of Education had abandoned the property and that the Board has no further interest in it.

The case was tried before a jury in Laurens Superior Court, the sole issue being whether the plaintiffs or the defendants held title to the 5 acres. At the close of all the evidence the trial judge directed a verdict for the plaintiffs and denied the defendants' motion for a directed verdict. The defendants' motions for new trial and for judgment notwithstanding the verdict were overruled.

Defendants (appellants) contend that as the heirs of J. L. Thigpen, they acquired the 5 acre tract by virtue of the deed from B. F. Griffin to J. L. Thigpen, and that J. L. Thigpen did not convey the 5 acres by deed to the Foskeys.

Plaintiffs (appellees) contend alternatively (1) that as the present owners of "the property from which it is taken," they acquired the 5 acre school site, or (2) that the Foskeys acquired it by deed from J. L. Thigpen.

First, we must determine whether the deed from the insurance company to the school trustees created a fee on condition subsequent with an inalienable right of re-entry in the grantor (insurance company), or a fee subject to a limitation with an alienable possibility of reverter in the grantor. See *Franks v. Sparks,* 217 Ga. 117, 120 (121 SE2d 27) (1961).

Construing the words used, "In case the property herein described is abandoned, the same shall *revert . . .,*" we find that an alienable possibility of reverter was

created. *Mid-State Homes, Inc. v. Johnson,* 218 Ga. 397 (1b) (128 SE2d 197) (1962).

It follows that plaintiffs' first contention, that the 5 acres reverted to them as the owners of "the property from which it is taken," cannot be upheld for the reason that a possibility of reverter to land is void. *Mid-State Homes, Inc.,* (1c), supra. Title to land, including a future interest, is held by people, not land.

Therefore, we must determine whether the possibility of reverter was conveyed by J. L. Thigpen to the Foskeys. The defendants contend that this deed conveyed the 40 acres, but not the possibility of reverter because the deed specifically stated that "This deed is not intended to convey five acres . . . of the above described lands on which is located the Wilkes Consolidated School." They argue that J. L. Thigpen intended to keep and did keep the possibility of reverter himself and when the 5 acres was abandoned as a school site; the property reverted to the defendants as the heirs of J. L. Thigpen.

The warranty deed from Thigpen to the Foskeys described "All that tract or parcel of land" in the 45 acre tract. The limiting language, which concludes the description of the 45 acre tract, simply excluded the 5 acre part of the description that was in use by the school. The deed also referred to the deed by which J. L. Thigpen acquired the 45 acre tract. While it is true that the limiting language used by Thigpen is not the same as that used by the previous grantors, construing the 45 acre deed to the Foskeys as a whole it appears that the limiting language was intended not to reserve the possibility of reverter in J. L. Thigpen but was necessary to show in this warranty deed that the school board had a defeasible fee in the 5 acre tract.

Construing the deed as a whole, we find that all the interest that J. L. Thigpen had in the 45 acre tract was conveyed to the Foskeys. Therefore, the trial judge did not err in overruling defendants' motion for directed verdict and granting a directed verdict for the plaintiffs.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 13, 1976 — DECIDED APRIL 6, 1976 — REHEARING DENIED APRIL 20 AND MAY 4, 1976.

*Carl K. Nelson, Jr.,* for appellants.
*Maurice Byers, William Malcom Towson,* for appellees.