### 36774. FLAUM et al. v. MIDDLEBURY, INC.

NICHOLS, Justice.

This is a quiet title action. Code Ann. § 37-1411. The trial court granted appellee's motion for partial summary judgment, ruling that a reversionary clause in a deed was invalid. That clause states: "The Grantee, its heir's, successors and assigns do expressly agree that should the aforedescribed property not be used for roadway purposes then in that event, said property shall revert to the Grantor."

Under our law this reversionary clause is valid. The clause creates a limitation upon the estate conveyed; namely, that the estate is vested in the grantee while it is used for roadway purposes. Such a limitation on a fee creates a defeasible fee or, more precisely, a fee simple determinable. Code Ann. § 85-502. A fee simple determinable provides for automatic reversion of the estate upon the occurrence of the limitation. *Georgia A. S. & C. R. Co. v. Johnson,* 226 Ga. 358 (174 SE2d 895) (1970); *Moore v. Wells,* 212 Ga. 446 (93 SE2d 731) (1956). In addition, the reversionary interest created by a fee simple

determinable is alienable. *Fennell v. Foskey,* 236 Ga. 744 (225 SE2d 231) (1976); *Kennedy v. Kennedy,* 183 Ga. 432 (188 SE 722) (1936). See generally Pindar, Ga. Real Estate Law, §§ 7-10, 19-152 and 194 (1979); 28 AmJur2d §§ 22-37; and Thompson on Real Property §§ 1870 et seq. (1961). Cf. 28 AmJur2d §§ 139 et seq. and *Dept. of Transp. v. Knight,* 238 Ga. 225 (232 SE2d 72) (1977).

*Judgment reversed. All the Justices concur.*

SUBMITTED OCTOBER 15, 1980 — DECIDED NOVEMBER 14, 1980.

*Michale Barry Thomas,* for appellants.
*Dennis Still,* for appellee.