S05A1828. CERNONOK et al. v. KANE.
(627 SE2d 14)

MELTON, Justice.

This quiet title and continuing trespass action revolves around a dispute between neighbors over the ownership and use of a portion of the Jeannette Street Alley (Alley). The Alley runs between two contiguous pieces of property, 295 and 299 Peters Street. Because the City of Atlanta abandoned the Alley, the property reverted to the adjoining lots, with each lot expanding out to the centerline of the portion of the Alley abutting it.[1] The present owners of 295 and 299 Peters Street are Douglas and Uldis Cernonok and Daniel Kane,

---

[1] When a street or alley is abandoned by the public, the underlying property reverts to the owners of the abutting lots. *Bayard v. Hargrove*, 45 Ga. 342, 352 (1872). Although the City was initially a party to this action, it confirmed that it had abandoned the Alley and claimed no interest in it.

respectively. The Cernonoks acquired their parcel in June of 1999 from Isham Colosetti. Kane, in turn, acquired his parcel in December of the same year from Alfred Brown and William Tate, acting on behalf of the Church of Truth, a business without separate legal status from Tate. On December 9, 1999, Kane recorded his deed to 299 Peters Street. Almost a year later, the Cernonoks began recording four deeds purporting to grant them title to the portion of the Alley abutting Kane's property.[2] Since the Cernonoks later blocked ingress and egress to the entirety of the Alley, Kane filed a quiet title action and a continuing trespass complaint against the Cernonoks.

The matter was initially heard before a Special Master, who determined that the disputed portion of the Alley belonged to Kane by operation of his deed recorded prior to the Cernonoks' deeds. Although the Cernonoks advanced a number of equitable arguments that they should be considered owners of the disputed property, the Special Master rejected these arguments because the Cernonoks failed to sufficiently place Kane on notice that they claimed an ownership interest in the Alley prior to the time that Kane acquired his property and recorded his deed. The Cernonoks subsequently appealed the Special Master's decision to the superior court, which adopted the Special Master's findings of fact and law. The Cernonoks now appeal, and we affirm.

1. "[I]n an action to quiet title brought under OCGA § 23-3-60 et seq., . . . the findings of the Special Master and adopted by the trial court will be upheld unless clearly erroneous." *Seignious v. Metropolitan Atlanta Rapid Transit Auth.*, 252 Ga. 69, 71 (311 SE2d 808) (1984). Therefore, if there is any evidence supporting the judgment of the trial court, it will not be disturbed. *Nebb v. Butler*, 257 Ga. 145 (357 SE2d 257) (1987).

2. The Cernonoks first contend that Kane's deed to 299 Peters Street is wholly void because the named grantor, the Church of Truth, was not a legal entity capable of transferring any interest in the property or the adjoining Alley. The evidence of record, however, supports the finding that the Church of Truth was nothing more than a business name sometimes employed by Tate and that Tate, who signed Kane's deed, was the actual grantor of the property. Indeed, the record contains an affidavit filed by Tate averring that the Church of Truth was "only a business name I operated under." Therefore, the

---

[2] The first of these deeds was recorded on October 11, 2000. The four deeds were allegedly executed prior to Kane's purchase of 299 Peters Street. Three of the deeds gave title to the entire portion of the Alley separating the two properties to the Cernonoks' predecessor in interest, Isham Colosetti (the grantors of these deeds were the children of Alfred Brown, Tate, and Tate acting on behalf of the Church of Truth). The fourth deed gave title to this portion of the Alley to the Cernonoks (Colosetti was the grantor).

Special Master did not err in his determination that Kane's deed was a valid conveyance of property from Tate to him.

3. The Cernonoks next contend that, prior to Kane's acquisition of 299 Peters Street, Kane was placed on notice of the Cernonoks' claim to the Alley, and, as such, his deed to 299 Peters Street could not transfer any portion of the Alley to him as a matter of equity. In making this equitable claim on appeal, the Cernonoks exclusively rely on OCGA §§ 23-1-16 and 23-1-17. OCGA § 23-1-16 provides that one who takes property with notice of an equity takes the property subject to that equity. OCGA § 23-1-17, in turn, explains that the notice required must be "sufficient to excite attention and put a party on inquiry."

In this case, the Cernonoks contend that their possession and use of the disputed portion of the Alley should have placed Kane on notice. Possession, however, has the effect of notice only if it is actual, open, visible, exclusive, and unambiguous. See, e.g., *McDonald v. Dabney*, 161 Ga. 711, 726 (132 SE 547) (1926). There is evidence of record which supports the Special Master's determination that the Cernonoks failed to place Kane on notice of their claim. It is undisputed that the Cernonoks were not living at 295 Peters Street when Kane recorded his deed, and the Cernonoks did not even receive a certificate of occupancy until some time after Kane had filed his motion to quiet title. Moreover, although the Cernonoks argue that they controlled a rolling metal gate at the entrance of the Alley, there was evidence that the gate door was often unlocked and left open. In addition, there was some evidence that neither the Cernonoks nor their predecessors attempted to exclusively use or possess the portion of the Alley in question. Therefore, as some evidence supported the trial court's determination that the Cernonoks failed to put Kane on notice of their claim, we cannot say that it abused its discretion in this matter. *Nebb*, supra.

4. Finally, the Cernonoks contend that the Special Master, prior to reaching his decision, failed to hold a proper evidentiary hearing. OCGA § 23-3-64 provides that, in making his decision, "[t]he master shall examine the petition, plat, and all documents filed therewith and may require other evidence to be filed, including, but not limited to, an abstract of title." In this case, the record shows that the Special Master conducted a hearing at which the parties presented both argument and evidence, including affidavits, plats, and pictures of the property in question. Accordingly, the Special Master acted properly in this matter.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 27, 2006.

*Samuel P. Westmoreland*, for appellants.
*Daniel B. Kane, Jo Avery*, for appellee.