## S08A0887. WOODRUFF et al. v. MORGAN COUNTY.

(670 SE2d 415)

MELTON, Justice.

In June 2006, O. Adrian Woodruff and Beth Woodruff purchased real property adjoining a parcel of land owned by Morgan County. Shortly thereafter, the Woodruffs claimed ownership to a portion of a parking lot which Morgan County had previously paved, used, and maintained. In light of the Woodruffs' claim, on December 14, 2006, the County filed a Complaint to Quiet Title as an in rem action against all the world pursuant to OCGA § 23-3-60 et seq., claiming that the County had obtained ownership of the property in question by adverse possession. Although each of the Woodruffs was personally served with a summons and a copy of the complaint on December 17, 2006, they did not file an answer, and on February 23, 2007, the County filed a Motion for Default Judgment against the Woodruffs. The Woodruffs filed a response, claiming that because a special master had not been appointed pursuant to OCGA § 23-3-63 of the Quiet Title Act, there was no default and therefore no answer was due. On August 16, 2007, the trial court granted a default judgment to Morgan County based upon the Woodruffs' failure to timely answer the County's complaint. The Woodruffs filed a Motion to Set Aside the Judgment, which was denied, prompting this appeal. This Court granted the Woodruffs' application for discretionary appeal to determine whether the trial court erred in failing to set aside its default judgment on the ground that the Woodruffs were not required to file a responsive pleading in this quiet title action prior to the appointment of a special master who would cause process to issue. As explained more fully below, we agree with the Woodruffs that they were not required to file an answer prior to the appointment of a special master who caused process to issue, and therefore reverse the trial court's decision to deny the Woodruffs' motion to set aside the default judgment.

1. The Woodruffs contend that, in order to effect proper service in this in rem quiet title action, Morgan County was required to follow the specific statutory procedures of the Quiet Title Act (OCGA § 23-3-60 et seq.). Morgan County responds by claiming that service was proper here pursuant to the Civil Practice Act (OCGA § 9-11-1 et seq.), and that, therefore, the Woodruffs' failure to file a timely answer to the County's complaint makes the trial court's entry of a default judgment against them proper. In order to resolve the issue presented by the parties, we must bear in mind that the Quiet Title Act "is a special statutory proceeding designed for a specific purpose." *James v. Gainey*, 231 Ga. 543, 544 (203 SE2d 163) (1974). Accordingly, the Civil Practice Act would be applicable "except to the extent that specific rules of practice and procedure in conflict

[t]herewith are expressly prescribed by [the Quiet Title Act]." OCGA § 9-11-81.

Here, the Quiet Title Act provides specific rules of practice and procedure with respect to an in rem quiet title action against all the world. Specifically, once the proceeding in rem is instituted "by filing a petition in the superior court of the county in which the land is situated" (OCGA § 23-3-62 (a)), the trial

> court, upon receipt of the petition together with the plat and instruments filed therewith, *shall* submit the same to a special master who shall be a person who is authorized to practice law in this state and is a resident of the judicial circuit wherein the action is brought.

(Emphasis supplied.) OCGA § 23-3-63.

> Upon the filing of all evidence with him, the [special] master shall: (1) Determine who is entitled to notice, including, but not limited to, all adjacent landowners and all adverse claimants as to whose adverse claims petitioner has actual or constructive notice; (2) Cause process to issue, directed to all persons who are entitled to notice and to all other persons whom it may concern.

OCGA § 23-3-65 (a). "Any adverse party shall be entitled to have at least 30 days after completion of service to file any pleading he desires in the matter before the court." OCGA § 23-3-65 (c). Thus, contrary to the procedures that might otherwise be sufficient to effect proper service and require that a responsive pleading be filed under the Civil Practice Act, the Quiet Title Act requires that, in an in rem quiet title action, a special master must first be appointed who determines "who is entitled to notice" and who "[c]ause[s] process to issue [in accordance with the Act]" before a party is required to file a responsive pleading. OCGA § 23-3-65 (a), (c).

Here, a special master was never appointed such that service could be properly completed pursuant to the Quiet Title Act. Without the appointment of a special master and the completion of proper service, the Woodruffs were not required to answer the County's complaint, and the trial court was not authorized to enter a default judgment against them. See *Bonner v. Bonner*, 272 Ga. 545 (2) (533 SE2d 72) (2000). Because the trial court's entry of a default judgment at a time when no answer was required is a nonamendable defect appearing on the face of the record, the trial court erred in failing to set aside the default judgment when requested to do so by the Woodruffs. *Shields v. Gish*, 280 Ga. 556 (2) (629 SE2d 244)

(2006); OCGA § 9-11-60 (d) (3). Accordingly, we reverse the decision of the trial court and remand this case with the direction that a special master be appointed.

2. In light of our holding in Division 1, we need not address the Woodruffs' remaining contentions.

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED NOVEMBER 17, 2008.

*Brenda H. Trammell*, for appellants.
*Christian G. Henry*, for appellee.