S09A0609. NELSON et al. v. GEORGIA SHERIFFS YOUTH HOMES, INC. et al.

(686 SE2d 663)

BENHAM, Justice.

Appellant Mary Jane Nelson is the widow of the late James Nelson, and the other appellants are Mr. Nelson's remaining heirs at law. In July 2006, they filed a petition pursuant to OCGA § 23-3-60 et seq. to quiet title against all the world to 157.29 acres in Troup County. Attached to the petition was a list of individuals and entities that appellants believed had or might have a record right, title or interest in the property at issue. On that list were appellees Georgia Sheriffs Youth Homes ("GSYH") and the Georgia Department of Natural Resources ("DNR").

On the day the petition was filed, the trial court appointed a Troup County resident and attorney as the special master in the action, as is required by OCGA § 23-3-63. *Woodruff v. Morgan County*, 284 Ga. 651 (1) (670 SE2d 415) (2008); *Steinichen v. Stancil*, 281 Ga. 75 (1) (635 SE2d 158) (2006). Over two years later, in September 2008, the trial court granted summary judgment to appellees without the benefit of a report from the special master and by means of an order which included no findings of fact or conclusions of law. This appeal followed.

The Quiet Title Act of 1966 (OCGA § 23-3-60 et seq.) "creates an efficient, speedy and effective means of adjudicating disputed title claims" (*Heath v. Stinson*, 238 Ga. 364, 365 (233 SE2d 178) (1977)), and sets out "specific rules of practice and procedure with respect to an in rem quiet title action against all the world" that take precedence over the Civil Practice Act when there is a conflict. *Woodruff v. Morgan County*, supra, 284 Ga. at 652. The Quiet Title Act requires a trial court to appoint a special master (OCGA § 23-3-63), and requires the special master to make a report of the

special master's findings to the trial court. OCGA § 23-3-66. While the quiet title statutory scheme provides that the special master, once appointed,

> shall have complete jurisdiction within the scope of the pleadings to ascertain and determine the validity, nature, or extent of petitioner's title and all other interests in the land . . . or to remove any particular cloud or clouds upon the title to the land and to make a report of his findings to the judge of the court[,]

(OCGA § 23-3-66), the trial court is not divested of its overall jurisdiction of the case and its sole authority under OCGA § 23-3-67 to issue the final decree. *Harbuck v. Houston County*, 284 Ga. 4 (1) (662 SE2d 107) (2008).

The statutory requirement that a special master make a report to the trial court of the special master's findings is important to both the trial court's entry of judgment and the appellate court's review since a trial court can adopt the special master's findings and enter judgment thereon (*Heath v. Stinson*, supra, 238 Ga. at 366), and a special master's findings adopted by the trial court are upheld by the appellate court unless clearly erroneous. *Steinichen v. Stancil*, 284 Ga. 580, 581 (669 SE2d 109) (2008). But see *Thompson v. Central of Ga. RR.*, 282 Ga. 264, 266 (646 SE2d 669) (2007) (where, in a case in which no request for a jury trial was timely filed, this Court addressed the merits of the appeal in the absence of findings in the Special Master's report and recommendation or in the trial court's adoption of the Special Master's recommendation). In light of the trial court's summary adjudication without findings of fact and the absence of a report of the special master's findings in this case which involves a myriad of issues, we are left at a distinct disadvantage because we do not know the basis for the trial court's judgment. While the Civil Practice Act authorizes a trial court to grant a motion for summary judgment without setting forth findings of fact and conclusions of law (*Thomas v. DeKalb County*, 227 Ga. App. 186 (1) (489 SE2d 58) (1997); OCGA § 9-11-52 (a)), the special procedures of the Quiet Title Act requiring that findings be reported take precedence over the conflicting requirements of the CPA. *Woodruff v. Morgan County*, supra, 284 Ga. 651. Accordingly, the case is remanded to the trial court for the inclusion of findings of fact made by either the special master or the trial court upon which the judgment is based.

*Case remanded with direction. All the Justices concur.*

DECIDED NOVEMBER 23, 2009.

*Carol V. Clark*, for appellants.

*Thurbert E. Baker, Attorney General, Keilani K. Parker, Assistant Attorney General, Daniel W. Lee*, for appellees.