### S09A1804. MANN v. BLALOCK.
(690 SE2d 375)

THOMPSON, Justice.

In this quiet title action, appellant Charles S. Mann appeals from an order of the superior court adopting the report of a Special Master and decreeing that fee simple title to an undeveloped two-acre tract of land in Lamar County is vested in appellee N. L. Blalock.

In 1995 Hattie Thelma Mann died owning the real property at issue. She named appellant (her brother) as executor with power to administer her estate. In Item V of her Last Will and Testament, she disposed of the land as follows: "I give, bequeath, and devise to my beloved nephew, Lawrence Mann, two acres of land to live on, and, in the event said Lawrence Mann should not live on said two acres of land, same will revert to my estate."[1] Pursuant to that bequest, appellant conveyed the property by administrator's deed to Lawrence Mann in 1996. Apparently based on information that Lawrence Mann was not residing on the property, in 2004 appellant filed a prior quiet title action ("2004 action") pursuant to which an

---

[1] Lawrence Mann is also known as Allen Lawrence Mann, but for purposes of consistency he will be referred to as Lawrence Mann in this opinion.

order was entered vesting fee simple title to the two-acre parcel in appellant as executor of the estate.[2] On the next day, appellant in his capacity as executor, deeded the property to himself individually.

In 2004 the Lamar County Commissioner conducted a tax sale to levy on the property for unpaid taxes for the years 2002 and 2003. A title search showed Lawrence Mann as the owner and taxpayer of record and he was named as a defendant in fi. fa. and served with notice of the proceedings. The tax commissioner also named and served appellant as a party due to uncertainty in the chain of title. The property was sold on the courthouse steps to appellee who acquired a tax deed from the commissioner. In addition, Lawrence Mann executed a quitclaim deed in favor of appellee in 2005, expressly releasing any right of redemption he may have had resulting from the tax sale. Both the tax deed and the subsequent quitclaim deed were duly recorded and indexed.

In 2007 appellee filed the present action seeking to remove as clouds upon the title (1) the order resulting from the 2004 quiet title action, and (2) the administrator's deed from appellant in his capacity as executor to Lawrence Mann. The matter was heard before a Special Master who found that the 2004 petition to quiet title was defective as a matter of law; that the administrator's deed conveyed fee simple title to Lawrence Mann without reservation or limitation; and that any restriction or limitation contained in Item V of Hattie Mann's will was null and void once appellant conveyed the property in fee simple to Lawrence Mann. The Special Master recommended that appellee be granted fee simple title to the land free and clear of any clouds or encumbrances. The superior court adopted the Special Master's findings and entered final judgment for appellee. This appeal followed.

Before turning to the findings of the Special Master, we note that " '[i]n an action to quiet title brought under OCGA § 23-3-60 et seq., . . . the findings of the Special Master and adopted by the trial court will be upheld unless clearly erroneous.' [Cit.] Therefore, if there is any evidence supporting the judgment of the trial court, it will not be disturbed." *Cernonok v. Kane*, 280 Ga. 272, 273 (1) (627 SE2d 14) (2006).

1. Appellant submits that the trial court erred in finding that the first quiet title action was legally defective and therefore, failed to convey any interest in the property.

The Quiet Title Act provides specific rules of practice and

_____

[2] It was established at the hearing before the Special Master that Lawrence Mann had at some time in the past lived in a trailer on the property, but that he had not resided on the property since the death of the testatrix.

procedure with respect to an in rem quiet title action against all the world. OCGA § 23-3-60 et seq. Based on undisputed evidence, the Special Master was authorized to find that the 2004 quiet title proceeding was procedurally deficient as a matter of law because the petition was not verified as required by OCGA § 23-3-62 (b); it did not include a plat of survey of the land as required by OCGA § 23-3-62 (c); a lis pendens was not filed contemporaneously with the filing of the petition as required by OCGA § 23-3-62 (d); the petition was not submitted to an authorized special master as required by OCGA § 23-3-63; and the record fails to establish service on any party as required by OCGA § 23-3-65 (b). See *Woodruff v. Morgan County*, 284 Ga. 651 (1) (670 SE2d 415) (2008) (a quiet title action is not properly instituted without the appointment of a special master and the completion of proper service); *Woelper v. Piedmont Cotton Mills*, 266 Ga. 472 (467 SE2d 517) (1996) (no relief granted in a quiet title action where petitioner failed to comply with the statutory requirements); *Floyd v. Gore*, 251 Ga. App. 803 (555 SE2d 170) (2001) (trial court erred in failing to set aside judgment quieting title where service of process was defective). In the present case, the trial court was authorized to find that the 2004 action failed to convey any interest in the property to appellant, and to decree that the judgment entered in the 2004 action be removed as a cloud upon appellees' title.

2. Appellant also submits that the trial court erred in finding that the administrator's deed from appellant to Lawrence Mann conveyed fee simple title, rendering null and void the restriction placed on the property in the will of Hattie Mann.

"The cardinal rule for construing wills requires the trial court to ascertain and give effect to the testator's intent, provided it is not contrary to the rules of law." *Imerys Marble Co. v. J. M. Huber Corp.*, 276 Ga. 401 (577 SE2d 555) (2003). It was the clear intent of the testatrix in this case to give to her nephew Lawrence Mann a limited fee to the two acres based on the contingency that he live on the property, and if he should not, the property was to revert to the estate. See OCGA § 44-6-22. "If a less estate is expressly limited, the courts shall not, by construction, increase such estate into a fee, but . . . shall give effect to the intention of the maker of the instrument, as far as the same is lawful, if the same can be gathered from its contents." (Citation and punctuation omitted.) *Budreau v. Mingledorff*, 207 Ga. 538, 545 (3) (63 SE2d 326) (1951). Appellant, as executor of the estate, is a fiduciary who is obligated to "use the authority and powers conferred by law, [and] by the terms of any will under which [he] is acting." OCGA § 53-7-1 (a). He had no authority "to limit, enlarge, or change any authority, power, restriction, or privilege specifically provided by will or incorporated into a will."

OCGA § 53-8-10 (a). As such, appellant was obligated to give effect to the clear intent of the testatrix to convey only a limited fee to Lawrence Mann, and upon a nonoccurrence of the contingency stated in Item V of the will, the property automatically reverted to the estate. See generally *Flaum v. Middlebury*, 246 Ga. 682 (272 SE2d 695) (1980) (deed which contains a reversionary clause provides for automatic reversion of the estate upon the occurrence of the limitation); *Moore v. Wells*, 212 Ga. 446 (93 SE2d 731) (1956) (where deed was made upon an express condition or limitation upon the estate conveyed). The administrator's deed from appellant to Lawrence Mann referenced Item V of Hattie Mann's Last Will and Testament and perfected that limited estate.[3]

3. While we agree with appellant that the trial court erroneously construed the effect of the deed to Lawrence Mann, we nonetheless affirm the judgment below because we hold that appellee acquired title to the property by virtue of the tax sale and deed which was in conformance with Georgia law.

The Lamar County Tax Commissioner testified at the hearing before the Special Master that a title search showed Lawrence Mann as holding record title to the property, but out of caution, both he and appellant were served with notice of the tax sale. See OCGA § 48-4-1. The commissioner met with appellant prior to the sale and offered to accept payment for the back taxes and to allow the parties to "straighten out the deeds afterwards." But appellant failed to do so and the property was sold to appellee, with the overage going to Lawrence Mann. See OCGA § 48-4-5. The commissioner also testified that appellant did not timely seek to exercise a right of redemption under OCGA § 48-4-40. See, e.g., *Community Renewal and Redemption v. Nix*, 279 Ga. 840, n. 1 (621 SE2d 722) (2005) ("Pursuant to OCGA § 48-4-40, a person whose property has been sold for a tax delinquency, or any person with an interest in the property, has a right to redeem the property by paying the redemption price calculated according to OCGA § 48-4-42[;] [t]hat right exists for at least 12 months (OCGA § 48-4-40 (1)), and continues thereafter until the right of redemption is foreclosed by notice pursuant to OCGA § 48-4-45 or by the ripening of the purchaser's title through prescription. OCGA § 48-4-48."). The undisputed evidence in this case established that the levy and sale were conducted in accordance with OCGA § 48-4-1 et seq., and the tax deed to appellee satisfied all legal requirements.

Thus, based on the record before this Court, appellee acquired

---

[3] We take no position as to the validity of the deed from appellant as executor to himself individually as that issue is not enumerated as error on appeal.

the property by tax deed in November 2004, and any clouds on appellee's title were correctly removed. It follows that the judgment of the trial court must be affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 8, 2010 —
RECONSIDERATION DENIED MARCH 1, 2010.

*Fears, Lawrence & Turner, Douglas R. Ballard, Jr.*, for appellant.

*Smith, Welch & Brittain, Larry S. Mayfield*, for appellee.

*Judgment affirmed. All the Justices concur.*

