**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 12, 2020**

# In the Court of Appeals of Georgia

A19A2076. RICHARDS et al. v. BOSE et al.

DOYLE, Presiding Judge.

This case began when Vinay Bose, Mommies Properties, LLC, and FH Partners, LLC, filed a complaint against John Richards and the Chattahoochee River Club Homeowners Association,[1] asserting several causes of action pertaining to real property, including claims for quiet title against all the world and conventional quiet title[2] and for a declaratory judgment regarding title to the property. In this

---

[1] The complaint also named several Jane and John Doe defendants who are not parties to this appeal. Additional claims are not pertinent to this appeal.

[2] Conventional quiet title / conventional quia timet

is employed to quiet title as against "any forged or other iniquitous deed or other writing which, though not enforced at the time, either casts a cloud over the complainant's title or otherwise subjects him to future liability or present annoyance, and the cancellation of which is necessary to his perfect

interlocutory appeal, Richards and the Homeowners Association appeal from a superior court order denying in part their motion to open default and granting in part the plaintiffs' motion for default judgment. The defendants argue that the trial court erred by (1) improperly issuing a nunc pro tunc order after the defendants had amended their untimely answer by filing a verification, (2) incorrectly analyzing their motion to open the default, and (3) issuing a declaratory judgment when there was no justiciable controversy. For the reasons that follow, we affirm in part and reverse in part.

---

protection."

*Gurley v. East Atlanta Land Co.*, 276 Ga. 749, 749 (1) (583 SE2d 866) (2003) (quoting OCGA § 23-3-40). See also *Johnson v. Red Hill Assoc.*, 278 Ga. 334, 335 (2) (602 SE2d 572) (2004) (holding that the action properly was classified as conventional quia timet because the petitioner sought to remove clouds on its title to property "in the form of specific instruments and liens").

In contrast, quiet title against all the world / quia timet as against all the world

is used to remove *any* cloud of title to land . . . "and for readily and conclusively establishing that certain named persons are the owners of all the interests in land . . . so that there shall be no occasion for land in this state to be unmarketable because of any uncertainty as to the owner of every interest therein."

*Gurley*, 276 Ga. at 749-750 (1) (emphasis supplied) (quoting OCGA § 23-3-60).

2

The record shows that in October 2018, plaintiffs filed a verified complaint challenging certain encumbrances on property owned by Bose and Mommies Properties, asserting claims for conventional quiet title, quiet title against all the world, defamation of title, defamation of person, intentional infliction of emotional distress, interference with easement, attorney fees, and seeking a declaratory judgment regarding title to the property. The plaintiffs claimed that: (i) Bose and Mommies Properties acquired fee simple title to the property from non-party Michael Allen; and (ii) FH Partners held a security interest in the property, which it had acquired from Mommies Properties. The plaintiffs refer to these transactions as the "Allen Chain of Title." The plaintiffs further alleged that the Homeowners Association and/or one or more of its members purportedly acquired one or more easements over the property via covenants that post-dated the initial transaction in the Allen Chain of Title. According to the plaintiffs, their interest in the property is unmarketable due to the encumbrances allegedly outside the Allen Chain of Title. As relief, the plaintiffs sought, inter alia: (i) a judgment quieting title to the property; and (ii) alternatively, a declaratory judgment regarding the defendants' rights in the property.

The parties agreed to extend the deadline for filing an answer to December 14, 2018. Due to a misunderstanding about whether they could file their answer electronically on December 14, however, the defendants filed an answer four days later, on December 18, 2018. The verification attached to the answer was signed by John Paximadis, "an officer of [the Homeowners Association], who makes this [v]erification on behalf of the [A]ssociation and on behalf of John Richards (with his express permission and authorization) and after being duly sworn . . . ." Richards did not personally sign a verification at that time.[3]

On January 7, 2019, 24 days after the answer was due, the plaintiffs moved for a default judgment on ground that the defendants had gone into default on December 14, 2018, and had not sought to open default within the 15-day statutory time period for doing so as a matter of right.[4] The plaintiffs did not seek a default judgment as to the tort claims.[5]

---

[3] See generally *Harris v. Murray*, 233 Ga. App. 661, 664 (3) (504 SE2d 736) (1998) ("In order to make an affidavit, there must be present the officer, the affiant, and the paper, and there must be something done which amounts to the administration of an oath.").

[4] See OCGA § 9-11-55 (a) ("The default may be opened as a matter of right by the filing of such defenses within 15 days of the day of default, upon the payment of costs.")

[5] The trial court did not enter a default judgment as to those claims, and they are not a part of this appeal.

One day later, the defendants moved to open default under OCGA § 9-11-55 (b), arguing that after learning on Friday, December 14, 2018, that e-filing was not available in Forsyth County, defense counsel sent the answer on that day "via UPS, second day air for morning delivery."

After a February 25, 2019 hearing, the trial court orally announced its rulings, but it did not enter a written order memorializing those rulings until two days later. The court ruled, in part, that Richards remained in default because he had not verified his answer thereby establishing a meritorious defense as a required pre-condition to opening default. It also ruled that the Homeowners Association had established a meritorious defense and a proper case to open default with respect to the conventional quiet title claim. With respect to the declaratory judgment claim, the trial court ruled that neither Richards nor the Homeowners Association had set up a meritorious defense, so it denied the motion to open default as to that claim.

One day after the hearing (and one day before the written order was entered), the defendants filed an amended answer that included Richards's personal verification. The following day, February 27, the trial court signed and entered – nunc pro tunc February 25, 2019 (the day of the hearing) – the order at issue in this appeal.

5

In its order, the trial court: (i) determined that both defendants are not in default as to the claim for quiet title against all the world because the special master appointed in this case had not yet caused service to issue[6]; (ii) granted the Homeowner Association's motion to open default as to the conventional quiet title claim; (iii) denied Richards's motion to open default as to the conventional quiet title claim based on his failure to make a showing under oath, i.e., verify the defendants' answer[7]; (iv) on the declaratory judgment claim, denied the defendants' motion to open default and granted the plaintiffs' motion for a default judgment; and (v) granted the defendants' motion to open default as to the remaining claims, which the plaintiffs did not oppose. The trial court subsequently certified its order for immediate review, and this Court granted the defendants' application for interlocutory review.

As a threshold matter, we note that "[a] suit commences only after the filing of a petition and the proper service of process upon the defendant as required and

[6] See *Woodruff v. Morgan County*, 284 Ga. 651, 652 (1) (670 SE2d 415) (2008) (explaining that in an in rem quiet title action against all the world, "a special master must first be appointed . . . who causes process to issue . . . before a party is required to file a responsive pleading") (punctuation omitted).

[7] Although the court denied Richards's motion to open default as to the conventional quiet title claim, it did not explicitly grant the plaintiffs' motion for a default judgment against Richards on this claim, for reasons that are not immediately apparent on the current record.

authorized by law."[8] Here, the trial court correctly concluded that, under OCGA § 23-3-65 (a), a special master would need to determine who is entitled to notice and cause process to issue with respect to the quiet title claim against all the world. It is undisputed that at the time of the default judgment order, this procedure had not been completed. Under that circumstance, the defendants "were not required to answer the [plaintiffs'] complaint, and the trial court was not authorized to enter a default judgment against them."[9] This is true even though personal service was completed because the quiet title statute "provides specific rules of practice and procedure with respect to an in rem quiet title action against all the world."[10]

Given that the defendants were not yet required to answer the quiet title against the world, entry of default judgment on any claim was error. This is because default is a state of the pleadings which, unless remedied, entitles the plaintiff "to verdict and judgment by default, in open court or in chambers, *as if every item and paragraph of*

---

[8] (Punctuation omitted.) *Anglin v. State Farm Fire & Cas. Ins. Co.*, 348 Ga. App. 362, 364 (1) (823 SE2d 51) (2019).

[9] *Woodruff v. Morgan County*, 284 Ga. 651, 652 (1) (670 SE2d 415) (2008).

[10] Id.

*the complaint* or other original pleading were supported by proper evidence. . . ."[11] Applying that rule in this case would result in a judgment against the defendants as to "every [well-plead factual] item and paragraph of the complaint,"[12] including the quiet title claim against the world, despite the fact that the defendants had no duty to answer that claim. This demonstrates the trial court's error in entering the partial default judgment as to some claims but not others because such a result, treating the complaint's well-pleaded allegations as true, is in direct conflict with the procedural posture as it existed at the time of the order.[13]

---

[11] (Emphasis supplied.) OCGA § 9-11-55 (a). See also *Fink v. Dodd*, 286 Ga. App. 363, 364 (1) (649 SE2d 359) (2007) ("[A] defendant in default is in the position of having admitted each and every material allegation of the plaintiff's petition except as to the amount of damages alleged. The default concludes the defendant's liability, and estops him from offering any defenses which would defeat the right of recovery.") (punctuation omitted).

[12] OCGA § 9-11-55 (a). See *Fink*, 286 Ga. App. at 365 (1) ("[W]hile a default operates as an admission of the well-pled factual allegations in a complaint, it does not admit the legal conclusions contained therein.") (punctuation omitted).

[13] Cf. *Lord v. Holland*, 282 Ga. 890, 894 (2) (655 SE2d 602) (2008) ("In a quiet title action, a plaintiff must recover on the strength of his own title or not at all. Plaintiffs should not have been allowed to obtain a default judgment against [one] defendant, whose ownership and possessory interests were equal to those of [the other defendant], who successfully defended against the quiet title action.") (punctuation omitted).

8

Accordingly, because proper service had not yet occurred, the trial court erred as a matter of law to the extent that it concluded that the defendants were in default.

*Judgment affirmed in part and reversed in part. Coomer and Markle, JJ., concur.*